United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUGENE HART,

Plaintiff,

v.

U.S. SECURITIES & EXCHANGE COMMISSION, et al.,

Defendants.

Case No. 26-cv-04494-KAW

**ORDER GRANTING IN FORMA PAUPERIS APPLICATION; REASSIGNING CASE; REPORT AND RECOMMENDATION TO DISMISS CASE**

Re: Dkt. Nos. 1, 2

On May 13, 2026, Plaintiff Eugene Hart filed this civil action and application to proceed *in forma pauperis*. Having considered the application, the Court GRANTS Plaintiff's application to proceed *in forma pauperis*. Having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915, and for the reasons set forth below, the Court REASSIGNS[1] the case to a district judge and RECOMMENDS that the case be dismissed without prejudice.

## I. LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

[1] On June 15, 2026, Plaintiff filed a declination. (Dkt. No. 6)

A complaint may also be dismissed for failure to state a claim, because Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint, therefore, must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)(citations omitted). Upon dismissal, pro se plaintiffs proceeding *in forma pauperis* must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## II. DISCUSSION

As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state." *Id.*

As an initial matter, there is no federal jurisdiction in this case. Plaintiff asserts diversity jurisdiction. (Compl. at 2, Dkt. No. 1.) Plaintiff fails to establish diversity in citizenship, as it appears Plaintiff and all Defendants reside in California. (Compl. at 1-2.)

On the merits, Plaintiff's allegations do not state a viable claim. Plaintiff complains that as

United States District Court
Northern District of California

a general matter, people have breached security and trust, thus putting Plaintiff's security at risk. (Compl. at 3-4.) Plaintiff then brings a claim based on violation of "Securities law and protection for human rights and life," which appears to be based on the assertion that the law is supposed to protect human life, which Defendants have violated by not safeguarding Plaintiff's property and personal security. (Compl. at 5.) Plaintiff also brings a claim for "Security Breach," which complains about "[n]o one allowing [Plaintiff] to know what it was that people called themselves doing." (Compl. at 6.) Thus, Plaintiff fails to identify any specific statute or constitutional right he contends has been violated, and likewise fails to identify facts that may constitute a claim. Plaintiff fails to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure.

The Court observes that Plaintiff has filed over thirty cases in this district, none of which appear to have any merit.

## III. CONCLUSION

For the reasons set forth above, the allegations in Plaintiff's complaint are insufficient under 28 U.S.C. § 1915(e)(2). The Court RECOMMENDS that the case be dismissed without prejudice for lack of subject matter jurisdiction and because Plaintiff fails to state a claim.

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *IBEW Local 595 Trust Funds v. ACS Control Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO ORDERED.

Dated: June 18, 2026

KANDIS A. WESTMORE
United States Magistrate Judge